## BEHRNES v. COXE.

In an action for damages for a malicious prosecution, instituted against plaintiff on a charge of stealing a slave, the testament of a person by whom the slave was devised to plaintiff's wife, and proceedings had in the court of probates by the defendant as co-tutor of other minor heirs of the testatrix, and other proceedings connected with the administration of the succession of the testatrix, are admissible in evidence to show want of probable cause for the prosecution. *Per Curiam:* It devolved on the plaintiff to show malice ; a fact which is usually inferred from the want of probable cause for the prosecution.

An objection that the sum for which a verdict is found in an action for damages is expressed in figures, is too late after appeal. If it be a defect, it is one which might have been corrected on the trial below, at the request of either party. C. P. 528.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *A. M. Dunn*, for the plaintiff. *Z. S. Lyons*, and *Loucks*, for the appellant. The judgment of the court was pronounced by

KING, J. This is an action for a malicious prosecution. The plaintiff avers that the defendant maliciously intending to injure him, and without reasonable or probable cause, charged him, on oath before a justice of the peace, with having stolen a negro girl slave, named *Maria*, and caused him to be arrested and taken before a justice of the peace, by whom he was discharged. He prays for five thousand dollars damages, for the malicious prosecution and wrongful arrest. The jury gave a verdict in favor of the plaintiff for five hundred dollars, and the defendant has appealed. The defendant denies generally the allegations of the plaintiff's position, but admits that he made an affidavit for the purpose of obtaining the negro girl in question, in which he charges the plaintiff with improperly taking her from his possession, but upon the slave being returned he desisted from the prosecution.

The answer is substantially an admission that the plaintiff instituted the prosecution, an averment that it was founded upon sufficient probable cause, and a denial of malice. It appears from the evidence that, a short time before the

occurrences which led to this suit, the plaintiff intermarried with *Elizabeth* <span style="float:right">BEHRNES<br>*v.*<br>COXE.</span>
*Williams*, a minor daughter of the defendant's wife, by a previous marriage.
The mother, as the tutrix, administered the property of her children, including
the slave in question, which had been devised to the plaintiff's wife by her
grandmother, *Mary Y. Williams*. Shortly after the marriage of the plaintiff,
the defendant and his wife caused proceedings to be instituted by which the
former was restored to the tutorship of her minor children, which she had for-
feited by her second marriage, and her husband was appointed co-tutor. They
applied jointly for several orders, and among others for a sale of property be-
longing to the succession of *Mary Y. Williams*, for the purpose of paying debts
which were alleged to be still due, although a previous sale had been made,
for the same purpose, which produced a sum far exceeding the amount of debts
then represented to be due by the succession. While these proceedings were
in progress the slave in question left, or was removed from, the possession of the
defendant, and went to the plantation of the plaintiff's father, where the plain-
tiff resided, but through whose agency is not distinctly shown. The defendant
thereupon made oath before a justice of the peace, "that a slave named *Maria*
belonging to the succession of *Mary Y. Williams*, under his control and ma-
nagement, was stolen and taken away from his premises, &c., and that he
verily and truly believed that *George F. Behrnes* was the person who committed
the act." Upon this affidavit the plaintiff was arrested, on sunday, at the de-
fendant's request; but objecting to appear on that day, the officer assumed the
responsibility of permitting him to go at large until the following day. No
witness appeared to support the accusation, and the prisoner was discharged.

On the trial in the court below, the will of *Mary Y. Williams*, which con-
tained the bequest to the plaintiff's wife, as well as the probate proceedings
already referred to, were offered and admitted in evidence, to show the want
of probable cause for the prosecution, and that the object of the defendant was
to recover possession of the slave in question, with the view of defeating the
title of the plaintiff's wife. They were objected to, on the ground of irrele-
vancy. We think the judge did not err in permitting them to go to the jury.
They were admissible for the purposes for which they were offered, and, in
our opinion, tend strongly to show that the defendant was influenced by other
motives than a belief that the plaintiff had been guilty of an infraction of the
criminal laws. It devolved on the plaintiff to show malice; a fact which is
usually inferred from the want of probable excuse for the prosecution. The
testimony offered tended to show that the prosecution was groundless, and that
the defendant must have known that the plaintiff was innocent of any criminal
offence, which is the most conclusive evidence of malice. Starkie on Evidence,
pp. 911, 913, 915.

For obvious reasons of public policy actions like the present are cautiously
entertained, and meet with no favor when the proof is not clear of the absence of
probable cause for the prosecution. After an attentive examination of the evi-
dence, we find no circumstances of excuse for the defendant's conduct which
entitle him to relief at our hands. We think that the verdict of the jury ought
not to be disturbed.

It is objected that the sum for which the verdict is given is expressed in fi-
gures. If this be a defect, it is one which could have been corrected at the trial
below, at the request of either party. The objection comes too late when pre-
sented in this court. C. P. 528. 9 Rob. 60. *Judgment affirmed.*